IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER LAMONT HAMES, ) | |
| ID # 1860638, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:14-CV-3275-M  (BH) |
| ) | |
| WILLIAM STEPHENS, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petitioner's *Application to Proceed In Forma Pauperis*, received January 16, 2015 (doc. 20) should be denied, and the case should be dismissed without prejudice for failure to prosecute or follow an order of the court.

**I. BACKGROUND**

Christopher Lamont Hames (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 on September 11, 2014. (*See* doc. 3.) By *Notice of Deficiency and Order* dated September 11, 2014, Petitioner was notified that he had neither paid the $5 filing fee nor submitted a motion to proceed *in forma pauperis* (IFP). (*See* doc. 4.) Petitioner then moved to proceed IFP. (*See* doc. 5.) By *Second Notice of Deficiency and Order* dated October 16, 2014, Petitioner was notified that he had failed to file the required certificate of inmate trust account. (*See* doc. 6.) He filed his certificate on October 27, 2014. (*See* doc. 7.) Based on the information shown on the certificate, Petitioner was directed to pay the filing fee within 30 days. (*See* doc. 8.) His motion for reconsideration of the

order was denied, and his deadline to pay the applicable $5.00 fee was extended three times. (*See* docs. 11, 14, 19.) On January 16, 2015, Petitioner filed another motion to proceed IFP with a certificate of inmate trust account statement. (*See* doc. 20.) Based on the information in the certificate, he was again ordered to pay the required $5.00 filing fee by January 30, 2015. (*See* doc. 21.) The order warned that failure to do so could result in a formal recommendation that IFP status be denied, and that his case be dismissed. The deadline has passed, but Petitioner did not pay the filing fee, and he has not filed anything else.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.; see also* Misc. Order 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account and other resources exceed $50.00).

Petitioner's most recent certificate of trust account showed a balance of $0.00 as of the date of its preparation, but total deposits of $194.00 over the prior six months. (doc. 20 at 3.) It also showed deposits of $65.91 in September (after this suit was filed), and $31.89 in November (after he was initially ordered to pay the $5.00 filing fee). Petitioner has not shown that he has any demands on his financial resources or that he will suffer undue financial hardship after payment of the $5.00 filing fee for this habeas action. His IFP application should therefore be denied.

### III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner was given several extensions of time to pay the filing fee, and he was specifically warned that failure to do so could result in dismissal of this action. He still has not paid the fee or filed anything else. His certificate of inmate trust account showed that he had the means with which to pay the filing fee after being ordered to do so. Because he failed to comply with the order that he pay the $5 filing fee, and has not filed anything else, this case should be dismissed for failure to prosecute or follow an order of the court.

### IV.  RECOMMENDATION

The motion for leave to proceed *in forma pauperis* (doc. 4) should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow an order of the court, unless Petitioner pays the filing fee within the time for objecting to this recommendation or some other deadline set by the Court.

**SIGNED this 5th day of March, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE